NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD (Cal. Bar No. 135512)
Assistant United States Attorney
Chief, National Security Division
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorney
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4591
     Facsimile: (213) 894-6436
     E-mail:    patrick.fitzgerald@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-196-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S UNOPPOSED EX PARTE APPLICATION TO VACATE JUDGMENT AND FOR LEAVE OF THE COURT TO DISMISS INDICTMENT WITH PREJUDICE AGAINST DEFENDANT PURSUANT TO FED. R. CRIM. P. 48(a); DECLARATION OF PATRICK R. FITZGERALD |
| v. | |
| NERSES NICK BRONSOZIAN, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby brings this unopposed ex parte application for vacatur of the judgment and for leave of the Court to dismiss the indictment in this case with prejudice, pursuant to Federal Rule of Criminal Procedure 48(a).

This application is based upon the attached memorandum of points and authorities and declaration of Patrick R. Fitzgerald, the files and records in this case, and any such additional evidence or

argument as further may be presented on this application.  Defendant does not oppose this motion.

Dated: December 4, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney


_____/s/ Patrick R. Fitzgerald_____
PATRICK R. FITZGERALD
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under Rule 48(a), the government may move to dismiss an indictment even though it has prevailed at trial and judgment against the defendant has been entered, but the case is not final. <u>Rinaldi v. United States</u>, 434 U.S. 22, 28-32 (1977) (holding it was an abuse of discretion for the district court not to dismiss an indictment after judgment was entered when defendant did not oppose the government's request and there was no showing that the request was clearly contrary to the public interest); <u>see generally</u> <u>Thompson v. United States</u>, 444 U.S. 248, 250 (1980) (collecting examples).

In considering whether to grant the government leave to dismiss an indictment pursuant to Rule 48(a), the Ninth Circuit has instructed that:

> Separation of power concerns generally require a district court to defer to the government's decision to seek dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. [Citation omitted]. The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.

<u>United States v. Gonzalez</u>, 58 F.3d 459, 462 (9th Cir. 1995). <u>See also</u> <u>id.</u> at 461 ("In light of the history and purpose of Rule 48(a), we have . . . required district judges entertaining such requests [for leave to dismiss] to grant considerable deference to the prosecutor"); <u>id.</u> ("the district court's discretion to deny leave is limited"); <u>United States v. Garcia-Valenzuela</u>, 232 F.3d 1003, 1007 (9th Cir. 2000) ("a district court is limited in its ability to

second-guess the government's decisions on whether and what to prosecute"); United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution").

This principle holds especially true in cases where, as here, a request for leave to dismiss with prejudice in uncontested. See Gonzalez, 58 F.3d at 461 ("a district court may deny an uncontested request only 'in extremely limited cases . . . when the prosecutor's actions clearly indicate a betrayal of the public interest'") (quoting United v. Welborn, 849 F.2d 980, 983 n. 2 (5th Cir. 1988)). See also United States v. Hamm, 659 F.2d 624, 628 (5th Cir. 1981) (en banc) ("The district court may not deny a government motion to dismiss a prosecution, consented to by the defendant, except in those extraordinary cases where it appears the prosecutor is motivated by considerations clearly contrary to the manifest public interest").

Accordingly, based on Rule 48(a), the applicable law, and the explanation contained in the attached declaration for the government's request, the government respectfully requests leave to dismiss the indictment in this case with prejudice.

<u>DECLARATION OF PATRICK R. FITZGERALD</u>

I, Patrick R. Fitzgerald, declare as follows:

1.   I am an Assistant United States Attorney in the Central District of California.  I am the Chief of the National Security Division and currently supervise the prosecution in <u>United States v. Bronsozian</u>.

2.   On March 29, 2016, the grand jury returned a one-count indictment against defendant charging him with violation of 26 U.S.C. § 5861(d).  On November 16, 2016, the jury returned a verdict of guilty.  On May 22, 2017, this Court sentenced defendant to a term of imprisonment for one year and one day.  Defendant was granted bail pending appeal.  On April 15, 2019, the Ninth Circuit denied defendant's appeal of this Court's rulings, including its ruling on defendant's motion to dismiss, and affirmed defendant's conviction.  On July 10, 2019, the Ninth Circuit denied rehearing and rehearing en banc.  On October 7, 2019, defendant petitioned for a writ of certiorari with the Supreme Court.  Defendant's petition is pending before the Supreme Court.  Accordingly, defendant's conviction is not final.

3.   After consultation with the Solicitor General's Office, the United States Attorney's Office now has determined that dismissal of this criminal case is in the interest of justice.  This case was, as this Court and the Ninth Circuit determined, lawfully charged and prosecuted.  Nonetheless, a Department of Justice policy directing prosecutors to charge the unlawful possession or transfer of a machinegun made after May 19, 1986 under 18 U.S.C. § 922(o), rather than, as in this case, under 26 U.S.C. § 5861(d), gives rise to the possibility that a similarly situated defendant in another district

would not have been so charged and convicted.  See Justice Manual 9-63.516 (directing prosecutors to "charge the unlawful possession or transfer of a machinegun . . . under [18 U.S.C.] § 922(o)" rather than under 26 U.S.C. § 5861(d)).

4.    Although the Justice Manual's regulation creates no enforceable rights for a particular defendant, the government has determined in these unusual circumstances that the strong interest in national uniformity in the application of justice provides good cause for the dismissal of the indictment and vacatur of the judgment.  See United States v. Margraf, 493 F.2d 1206, 1207, n.5 (3rd 1974) (court of appeals remanding case to be dismissed by the district court based upon a request by the Solicitor General even though neither the government nor the court of appeals conceded that the earlier Third Circuit en banc decision was wrong as a matter of law).

5.    On December 3, 2019, I spoke with defense counsel John Littrell about this ex parte application.  He stated that the defense did not object to the government's request to dismiss the indictment with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 5, 2019.

/s/ *Patrick R. Fitzgerald*

PATRICK R. FITZGERALD

2